IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UTICA LEASECO, LLC,

    Plaintiff,

v.

GMI LAND COMPANY, LLC,

    Defendant.

11cv0564
**ELECTRONICALLY FILED**

## MEMORANDUM AND OPINION

Appellant, Utica Leaseco, LLC ("Utica"), one of Appellee's, GMI Land Company, LLC's ("GMI") creditors, filed this appeal claiming the Bankruptcy Court abused its discretion when it granted GMI's Motion for Reconsideration.[1] Utica argues that the Bankruptcy Court granted this Motion outside the time period allowed by the Bankruptcy Code ("Code") and further contends that the Bankruptcy Court granted the Motion for Reconsideration on grounds not raised by GMI in its Motion. See doc nos. 8 and 10-1.

In its response, GMI fails to address Utica's "time bar argument," and instead of squarely addressing Utica's "sua sponte argument," GMI responds in what this Court considers to be a tangential fashion. See doc. no. 11. Utica did not file a Reply Brief.

The Court has reviewed Utica's arguments and GMI's response to them, and the matter is now ripe for adjudication.

### I. Jurisdiction and Standard of Review

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). A district

---

[1] Utica's Appeal contained some technical deficiencies which were corrected. This Court denied GMI's Motion to Strike the Appeal on the basis of these technical deficiencies and simultaneously granted Utica's Motion to Amend its Appeal to correct the technical deficiencies. See doc nos. 7, 8, and the text order dated June 8, 2011. This Court's Opinion and the corresponding Order now address the merits of Utica's Appeal.

court sits as an appellate court in bankruptcy proceedings. Donald v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997).

The standards of review which apply to this case are as follows: First, this Court cannot disturb the factual findings of a bankruptcy court unless they are clearly erroneous. Accardi v. IT Litig. Trust (In re IT Group, Inc.), 448 F.3d 661, 667 (3d Cir. 2006). A factual finding is clearly erroneous if the reviewing court is "left with a definite and firm conviction that a mistake has been committed." Gordon v. Lewistown Hosp., 423 F.3d 184, 201 (3d Cir. 2005); see also, Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). Second, this Court exercises plenary, or *de novo*, review over any legal conclusions. Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). Third, if the Bankruptcy Court's decision is a mixed question of law and fact, this Court must break down the determination and apply the appropriate standard of review to each. In re Montgomery Ward Holding Corp., 326 F.3d 383, 387 (3d Cir. 2003). Finally, this Court reviews a bankruptcy court's exercise of discretion for abuse. In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts. Id.

## II. Factual and Procedural History[2]

The underlying Chapter 11 Bankruptcy case was filed on December 3, 2010, at docket number 10-28613 and was assigned to Bankruptcy Judge Jeffrey A. Deller. See generally, docket in case no. 10-28613-JAD filed in the United States Bankruptcy Court for the Western District of Pennsylvania.

---

[2] Unless otherwise noted, the following facts are uncontested. However, because Appellant's and Appellee's briefs do not contain parallel arguments, and because the parties failed to supply the Court with the relevant Bankruptcy Court hearing transcripts, this Court will take judicial notice of some facts and procedural history found in the Bankruptcy Court's records and will note when doing so.

By way of background, GMI is the owner of a former cement plant and related buildings and equipment located on Neville Island. GMI's brief, doc. no. 11, p. 4. GMI claims that after extensive state court litigation, it has been permitted to produce a product (ground granulated blast furnace slag) on the property, for which there is demand and which will be profitable once GMI locates all necessary investors, suppliers, and customers. Id. GMI claims that it filed for Chapter 11 relief in order to propose a plan that will enable it to pay all of its creditors, including Utica, in full. Id.

The parties concur that after filing for relief under Chapter 11 on December 3, 2010, GMI invoked the automatic stay and avoided a sheriff sale (scheduled for December 6, 2010) of GMI's real property. GMI's brief, doc. no. 11, p. 2; Utica's brief, doc. no. 8, p. 2. On December 13, 2010, Utica filed a Motion for Relief from Stay seeking relief under 11 U.S.C. § 362(d)(1) and (2), claiming GMI lacked equity in the real property at issue. Id. GMI's response to the Motion indicated that it did have equity in the property. GMI's brief, doc. no. 11, p. 2.

On January 11, 2011, Judge Deller held a hearing on Utica's Motion for Relief (as well as other motions not relevant here), and held an evidentiary hearing February 9, 2011. GMI's brief, doc. no. 11, p. 2; Utica's brief, doc. no. 8, p. 2; see also BR docket entry nos. 40 and 70. At the conclusion of the February 9, 2011 hearing, Judge Deller issued an Order granting Utica's Motion for Relief from Stay, concluding that GMI had no equity in the assets; but, he also concluded that the property was necessary for an effective reorganization under 11 U.S.C. § 362 (d)(2). GMI's brief, doc. no. 11, p. 2; Utica's brief, doc. no. 8, p. 2; see also BR docket entry no. 71.

Specifically, the pertinent section of Judge Deller's Order reads as follows:

3

> On February 9, 2011, the Court conducted an evidentiary hearing on the Motion for Relief From Automatic Stay . . . .
>
> For the reasons stated on the record at such hearing, the Court finds that while [GMI] has no equity in the subject property, the property is necessary for an effective reorganization of [GMI]. Consequently, Utica's Motion for Relief from stay pursuant to 11 U.S.C. Section 362(d)(2) is **DENIED**, in part.
>
> However, as there is no equity in the subject property, and because [GMI] has not afforded Utica with any adequate protection, "cause" exists to grant the Motion for Relief From Stay pursuant to 11 U.S.C. Section 362(d)(1).
>
> \*   \*   \*
>
> . . . The effectiveness of this Order is **stayed** until <u>4:00 p.m.</u> on <u>February 22, 2011</u> to enable [GMI] and Utica to negotiate and file with the Court a consensual adequate protection stipulation. The failure of the parties to timely and promptly do so shall result in this Order becoming effective at 4:01 p.m. on February 22, 2011 without the need for further proceedings.

See BR docket entry no. 71 (emphasis in original).

Per the GMI, the parties could negotiate a consensual adequate protection plan, thereby prompting GMI to file its Motion for Reconsideration. GMI's brief, doc. no. 11, p. 3. The parties concur (and the docket reflects) that GMI timely filed a Motion for Reconsideration of this Order[3] on February 18, 2011. GMI's brief, doc. no. 11, p. 3; Utica's brief, doc. no. 8, p. 3; see also BR docket entry no. 79.

On March 18, 2011, the Bankruptcy Court scheduled a hearing on April 19, 2011 on GMI's Motion for Reconsideration, but it rescheduled the hearing for April 1, 2011. See BR docket entry nos. 86 and 89. Following the April 1, 2011 hearing on GMI's Motion for Reconsideration, the Bankruptcy Court entered an Order granting GMI's Motion for Reconsideration. See BR docket entry no. 100. That Order reads in pertinent part:

---

[3] This Order was entered on entered on February 11, 2011, but the parties refer to it alternatively as the February 9, 2011 or the February 11, Order. See BR docket entry no. 71. For purposes of clarity, to the extent necessary, this Court will refer to it as the "February 9, 2011 Order."

> . . . [T]he Motion [for Reconsideration of Order of Court dated February 9, 2011] is GRANTED to allow the reimposition of the automatic stay based upon the following conditions:
>
> 1. Payment by prospective investor . . . to Utica . . . . The payment . . . represents the total of: (a) monthly interest . . . for the months of December 2010 to April 2011 (the commencement of the case through the remainder of the current month); (b) expense represented as incurred to date by Utica . . . ; (c) expense for security of the premises . . . .
>
> 2. Payment shall be made . . . by no later than <u>4 PM</u> on <u>April 1, 2011</u>. If payment is not timely made, this Order shall not be in effect and Sheriff's Sale scheduled for April 4, 2011 may proceed.
>
> 3. Commencing thereafter, payment by . . . shall pay: (a) the expense for security of the premises . . . ; and (b) $15,000 per month in readily available funds . . . on the [first] day of every month going forward.
>
> 4. The automatic stay shall remain in effect for the duration of this order so long as payments are timely and promptly paid. If payments are not timely and promptly paid, the stay shall be lifted . . . without further notice or hearing.
>
> 5. This Order will expire on June 30, 2011 at 11:59 PM unless extended by further order of court.
>
> \* \* \*

See BR docket entry no. 100, at pp. 1-2 (emphasis in original).

Utica now claims that the Bankruptcy Court granted GMI's Motion for Reconsideration on grounds outside of, or contrary to, the content of GMI's Motion, and outside the time frame proscribed by 11 U.S.C. § 362(e).

# III. Discussion

**A. Utica's Time Bar Argument**

The relevant portion of of the United States Bankruptcy Code is as follows:

§ 362. Automatic Stay

* * *

(e) (1) Thirty days after a request . . . for relief from the stay of any act against property of the estate . . . , such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then **such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended** with the consent of the parties in interest or **for a specific time which the court finds is required by compelling circumstances.**

11 U.S.C. § 362(e)(1) (emphasis added).

As noted above, the parties concur and the record reflects that GMI timely requested reconsideration of Judge Deller's Order denying in part and granting in part, Utica's request for relief from the automatic stay. Utica essentially argues to this Court that based on the above subsection of the Bankruptcy Code, Judge Deller abused his discretion when he granted reconsideration of his prior Court Order lifting the stay more than 30 days after the conclusion of the February 9, 2011 hearing. This Court disagrees.

First, as the facts recited in "Section II." (above) clearly indicate, the "final hearing" on Utica's Motion to lift the automatic stay was held within the 30-day proscribed time frame. Thus, Judge Deller did not violate the letter of Section 362(e).

Secondly, to the extent that Utica is arguing that the 30-day time frame described in Section 362(e) also encompasses the time a bankruptcy judge has to reconsider a decision he or she reached at final hearing regarding the lifting of an automatic stay, this Court disagrees with such an interpretation. Bankruptcy courts generally have "independent authority" to reconsider their own orders pursuant to Section 105. See In re Waters, 2007 WL 3069326, *3 (Bkrtcy. N.J. 2007); and 11 U.S.C. § 105(a). Notably, in In re Smith, a bankruptcy judge held:

> . . . If the debtor serves a request for reconsideration within ten days after the order granting relief under § 362(d) is entered, a plenary reconsideration of the order may be appropriate. Cf. Smith v. Evans, 853 F.2d 155, 157–62 (3d Cir.1988); and In re Dinh, 90 B.R. 743, 745 (Bankr.E.D.Pa.1988) (service of a motion to reconsider any order within ten days of the entry of the order, pursuant to Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59(e), allows plenary reconsideration). If a delay results in a creditor's incurring fees and costs, these should normally be imposed as a condition for relief, assuming that the presence of such costs does not constitute a sufficient basis to deny relief entirely. Cf. Noble v. Yingling, 37 B.R. 647, 651 (D.Del.1984); and In re Davidson, 36 B.R. 539, 545 (Bankr.D.N.J.1983) (costs incurred by creditor as a result of delays by debtor imposed as a condition for allowing a motion to reopen a case to be granted).

In re Smith, 111 B.R. 102, 105 (Bkrtcy. E.D.Pa. 1990).

Here, as suggested by In re Smith, Judge Deller undertook a plenary review of his February 9, 2011 Order. After reconsidering his February 9, 2011 Order, he altered his prior decision concerning the automatic stay as it related to Utica; and then, again per In re Smith, imposed various fees and costs as a condition for the relief given to GMI. Thus, this Court finds that what Judge Deller did comports with the case law.

Finally, Utica's interpretation of Section 362 would force this Court to find a requirement – namely, that Judge Deller had to reconsider his February 9, 2011 decision within the same 30-day time frame as the date of the final hearing (also February 9, 2011) – where none otherwise exists. Following the general principles of statutory construction, this Court declines to adopt

7

such an interpretation. "A 'fundamental canon of statutory construction' is that where a section of a statute does <u>not</u> include a specific term or phrase used elsewhere in the statute, 'the drafters did not wish such a requirement to apply.'" <u>In re Visteon Corp.</u>, 612 F.3d 210, 224 (3d Cir. 2010), citing <u>United States v. Mobley</u>, 956 F.2d 450, 452–53 (3d Cir.1992) and <u>BFP v. Resolution Trust Corp.</u>, 511 U.S. 531, 537 (1994) (emphasis added). Here, the statute at issue does <u>not</u> require a bankruptcy judge to reconsider his or her opinion within the same thirty-day time frame of the final hearing, and thus, this Court will not interpret the statute in such a way to do so.

Therefore, for all of the foregoing reasons, this Court declines to interpret Section 362 in such a way that confines a bankruptcy judge to not only hold a final hearing on an automatic stay request, but to also reconsider his or her own order in that regard within a thirty-day time frame.

**B. Utica's Sua Sponte Argument**

Utica essentially argues that under <u>North River Ins. Co. v. Cigna Reinsurance Co.</u>, 52 F.3d 1194 (3d Cir. 1995), Judge Deller erred in granting GMI's request for reconsideration. Utica contends that GMI's reconsideration request failed to satisfy any one of the three <u>North River</u> criteria essential to granting a request for reconsideration.

In <u>North River</u>, the United States Court of Appeals for the Third Circuit held that "[a] proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." 52 F.3d at 1218 (citations and internal quotations omitted).

As more noted recently by the Court of Appeals in <u>In re Pharmacy Benefit Managers Antitrust Litigation</u>, 582 F.3d 432 (3d Cir. 2009), "'[a] court has the power to revisit prior

decisions of its own . . . although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.'" 582 F.3d at 438, quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). The Court of Appeals in In re Pharmacy continued:

> In addition to the extraordinary circumstance noted by the Supreme Court in Christianson, we have we "recognized several 'extraordinary circumstances' that warrant a court's reconsideration of an issue decided earlier in the course of litigation." Public Interest Research Group, 123 F.3d at 116-17. In Public Interest Research Group, we explained that the law of the case doctrine does not preclude a court from revisiting its own decisions or one of a coordinate court where (1) new evidence is available or (2) a supervening new law has been announced. 123 F.3d at 117 (citations omitted). In addition, we have held the "law of the case doctrine does not preclude a trial judge from clarifying or correcting an earlier, ambiguous ruling." Swietlowich v. County of Bucks, 610 F.2d 1157, 1164 (3d Cir.1979). We have also held that "a trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." Id. (citing Messenger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912)). However, we have also been careful to caution that if a "trial judge decides to change or explain an earlier ruling, he should state his reasons on the record" and also "take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling."

582 F.3d at 439.

Most recently, in a more factually similar situation to the present case, the Court of Appeals for the Third Circuit affirmed a district court's affirmance of a bankruptcy court's grant of a debtor's motion for reconsideration. In re Anthanassious, case nos. 09-4594, 10-2285, 2011 WL 944421 (3d Cir., decided March 21, 2011). The bankruptcy court vacated an earlier order granting a creditor's motion for an extension of time to file objections to debtor's discharge. Id. In Anthanassious, the Court of Appeals discussed the power of the Bankruptcy Court to reconsider its orders as follows:

> The trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively. It must afford the parties notice of and an opportunity to be heard on the appropriateness of reconsideration, must explain

9

on the record the reasons for altering the prior order if that is its decision, and must "take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling." In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 439 (3d Cir.2009) (quoting Swietlowich, 610 F.2d at 1164). Moreover, the stated rationale for the reconsideration must under all the circumstances provide reasonable justification for departure from "the practice of courts generally to refuse to reopen what has been decided." Messenger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). Effective trial court management requires a presumption against reconsideration of interlocutory decisions. But a trial "judge convinced that an earlier ruling was wrong has, must have, authority to reconsider and rectify the error." 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 4478.1 (2d ed.2002).

Anthanassious, 2011 WL 944421, *3. In a footnote, the Court of Appeals noted that it had "not limited revisions of prior interlocutory orders in the same way we have limited revisions of judgments" and suggested that its decisions in In re Pharmacy and North River be compared. Id.[4]

Turning to the facts present in this case, Judge Deller did not reconsider a final judgment akin to the case facts of North River and governed by Fed. R. Civ. P. 59. To the contrary, he reconsidered an interlocutory order which he, himself, issued. In addition, the record shows that Judge Deller provided the parties with notice of and an opportunity to be heard on the appropriateness of reconsideration. Based on the substance and detailed nature of the April 1, 2011 Order granting reconsideration of the February 9, 2011 Order, Judge Deller provided the parties with his reasons for altering the prior order, and took appropriate steps so that Utica was not prejudiced by reliance on the prior ruling.

---

[4] Although this Court is aware of at least one decision (In re Rusch, 2010 WL 5394789 (Bkrtcy.N.J., December 28, 2010)), where a bankruptcy court decided a matter factually similar to the instant case, but unlike this case, relied on North River and its progeny and ruled against the debtor's reconsideration request, this Court is not bound by, nor persuaded by, said decision and declines to follow it.

Given Judge Deller's compliance with the guideposts articulated in <u>Anthanassious</u>, this Court is satisfied that the bankruptcy court did not exceed its authority when it granted reconsideration to GMI.

### IV. CONCLUSION

Based on the foregoing law and authority, this Court finds that the Bankruptcy Court did not abuse its discretion in granting GMI's Motion for Reconsideration and hereby affirms the decision of the Bankruptcy Court, specifically the April 1, 2011 Court Order. An appropriate Order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties